```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
_____
                                    :
JOSEPH BRODIE,                      :
                                    :
        Petitioner,                 :    Civ. No. 20-12713 (NLH)
                                    :
    v.                              :    OPINION
                                    :
UNITED STATES OF AMERICA,           :
                                    :
        Respondent.                 :
_____:
```

APPEARANCES:

Joseph Brodie
5 Waterville Road
Manalapan, NJ 07726

    Petitioner pro se

Philip R. Sellinger, United States Attorney
Sara Aliabadi, Assistant U.S. Attorney
United States Attorney's Office for the District of New Jersey
401 Market Street, 4th Floor
PO Box 2098
Camden, NJ 08101

    Attorneys for Respondent

<u>HILLMAN, District Judge</u>

    Respondent United States filed a letter requesting an order authorizing Petitioner Joseph Brodie's trial counsel, Ralph Jacobs, Esq., to meet with and talk to representatives of the United States about Petitioner's allegations of ineffective assistance of counsel in Petitioner's amended 28 U.S.C. § 2255 motion. ECF No. 34 at 2. It later supplemented its request to ask the Court to include Gina Amoriello, Esq., "who assumed

legal representation of Mr. Brodie after this Court permitted Mr. Jacobs to withdraw from this case," in its authorization order.  ECF No. 35.  For the reasons that follow, the request will be granted in part.

I.  BACKGROUND

Petitioner is proceeding on an amended motion to correct, vacate, or set aside his federal sentence under 28 U.S.C. § 2255.  ECF No. 20.  The Court screened the motion under Habeas Rule 4 and concluded that an answer from the United States was warranted.  ECF No. 25.  The United States requested two extensions of time to submit its response, and the Court granted those requests over Petitioner's objections.  The response is presently due August 30, 2022.  ECF No. 31.

On June 21, 2022, the United States filed a letter requesting permission to interview Petitioner's trial counsel regarding Petitioner's claims of ineffective assistance of counsel.  ECF No. 34.  On July 6, 2022, the United States supplemented its request, adding that it had "briefly communicated" with Jacobs and Amoriello.  ECF No. 35.  According to the United States, Jacobs "transferred his entire file for this case to Ms. Amoriello, and Ms. Amoriello . . . combined Mr. Jacobs' file with her own file regarding her representation of Mr. Brodie."  Id.  Petitioner submitted a response to the request on July 11, 2022, ECF No. 36, and what he styles as an

2

opposition to the Government's request on July 13, 2022. ECF No. 37. This latter submission also requests that the Court order prior counsel Ms. Amoriello to provide to him discovery materials he claims are in her possession.

II. DISCUSSION

The United States "seeks an Order relieving both Mr. Jacobs and Ms. Amoriello of their attorney-client confidentiality and attorney work product obligations with respect to the ineffective assistance of counsel claims raised in the Amended Motion; requiring both Mr. Jacobs and Ms. Amoriello to speak with the Government regarding these claims; requiring both Mr. Jacobs and Ms. Amoriello to produce documents relevant to these claims; and requiring both Mr. Jacobs and Ms. Amoriello to provide an affidavit or testimony as necessary." Id. at 1-2 (emphasis omitted).

Petitioner alleges several ineffective assistance of counsel claims against Jacobs in his amended § 2255 motion. ECF No. 1 at 15-27 (incorporated into amended motion); ECF No. 20 at 20. "The Third Circuit has held that a party implicitly waives their attorney-client privilege when they place the legal representation they received directly in issue." Cvjeticanin v. United States, No. 19-549, 2021 WL 2261589, at *1 (D.N.J. June 3, 2021) (citing Emmanouil v. Roggio, 499 F. App'x 195, 201 (3d Cir. 2012); Rhone-Poulenc Rorer Inc. v. Home Indem. Co., 32 F.3d

3

851, 863 (3d Cir. 1994)).  See also United States v. Pinson, 584 F.3d 972, 978 (10th Cir. 2009) ("[W]hen a habeas petitioner claims ineffective assistance of counsel, he impliedly waives attorney-client privilege with respect to communications with his attorney necessary to prove or disprove his claim."); Lacerda v. United States, No. 22-0026, 2022 WL 2168244, at *1 (D.N.J. June 16, 2022) (citing cases).  Because some of Petitioner's claims directly concern Jacob's representation, Petitioner "has waived attorney-client privilege as to any communications with counsel 'necessary to prove or disprove his claim[s].'"  Cvjeticanin, 2021 WL 2261589, at *1 (quoting Pinson, 584 F.3d at 978) (alteration in original).[1]

This waiver extends to Amoriello even though Petitioner has not alleged any ineffective assistance claims against her.  "An implied waiver of attorney-client privilege will not be construed generously, but it must be given enough latitude to ensure a fair presentation of the issues."  Ragbir v. United States, No. 17-1256, 2018 WL 1871460, at *4 (D.N.J. Apr. 19, 2018).  Petitioner "cannot confine the waiver simply by naming some attorneys but not others in his petition.  Barring the government from exploring these issues would impair the fairness

---

[1] This "implicit waiver of privilege generally applies equally to attorney-client privilege and work-product privilege." Ragbir v. United States, No. 17-1256, 2018 WL 1871460, at *3 n.5 (D.N.J. Apr. 19, 2018).

4

of the proceeding by depriving the court of evidence necessary to a decision on these claims — essentially allowing [Petitioner] to use the privilege impermissibly, as both sword and shield." Id. Therefore, Petitioner's waiver extends to otherwise-privileged material in Amoriello's possession to the extent it bears on the Petitioner's specific claims of ineffective assistance of counsel.

The United States asks the Court to construe the waiver as extending to "alleged errors or malicious motives of the Government during trial" and asserts that "[i]t maybe necessary for the Government to discuss these claims with" Jacobs and Amoriello "in order to construct an appropriate response to them." ECF No. 34 at 1 n.1. The Court agrees as part of Petitioner's claims assert failure or counsel to respond appropriately to his claims of prosecutorial misconduct. See Letter of Joseph Brodie, ECF No. 36 at 1 ("…it is Ralph Jacobs' fault for not detecting [the prosecutor's] deception").

Petitioner's filings in response to the Government's requests offers no meaningful counterarguments. If anything, Petitioner simply reiterates his various claims of ineffective counsel and at one point offering "no opposition to [the Government's] ardent fact-finding mission." Id. To the extent his later submission opposes the Government's requests, he offers nothing to undermine the Court's determination of the

5

limited waiver inherent in his § 2255 petition.  As the case law makes clear, the attorney-client privilege cannot be wielded as both a sword and shield.  In re Lott, 424 F. 3d. 446, 454 (6th Cir. 2005).

The Court will deny the United States' request to the extent that it asks the Court to order Jacobs and Amoriello "meet and confer" with the United States, provide "all relevant documents concerning the claims of ineffective assistance of counsel raised in the Motion"; and "provide an affidavit concerning the claims of ineffective assistance of counsel raised in the Motion and, if the Court orders a Hearing on the Motion, shall give testimony."  ECF No. 35 at 3-4.  The Honorable Kevin McNulty, D.N.J., considered a similar question in Ragbir v. United States, and concluded that petitioner's former attorneys could "not be compelled to speak with the Government outside of court if they choose not to . . . ." 2018 WL 1871460 at *5.  Judge McNulty further concluded that "[w]hile I perceive no basis to order them to appear for a meeting with the U.S. Attorney's Office, I see no reason that the government may not request that counsel submit to an interview or voluntarily produce appropriate documents."  Id.

The Court is persuaded by Judge McNulty's reasoning and conclusions at least as to forbear in issuing a mandatory Order in the first instance.  That having been said, like Judge

6

McNulty, this Court expects and anticipates that "[e]xperienced counsel should be capable of applying this ruling in good faith to preserve still-privileged material but disclose material as to which the privilege has been waived." Id. If the United States believes that counsel has failed to abide by the Court's ruling regarding waiver, it may seek discovery, including depositions, in accordance with the Federal Rules of Civil Procedure and Rule 6 of the Rules Governing § 2255 Proceedings if they deem it necessary.

III. CONCLUSION

The Court finds that Petitioner's claims of ineffective assistance of counsel waive the attorney-client privilege as to communications and work-product that are necessary to fairly resolve the claims raised in Petitioner's § 2255 motion. The United States may interview and seek voluntary disclosure of documentation from Ralph Jacobs, Esq. and Gina Amoriello, Esq., limited to the ineffective assistance of counsel claims asserted in the § 2255 motion.

The Court expects and anticipates that Mr. Jacobs and Ms. Amoriello will, as officers of the Court, fairly interpret this Opinion and provide relevant information that is consistent with the scope of the waiver as found by the Court. The parties may apply to the Court for formal discovery, including the taking of depositions if that becomes necessary.

7

As it relates to Petitioner's request for discovery materials from the government or elsewhere he believes are in the possession of Ms. Amoriello, he may seek such materials directly from her. ECF No. 37 at 4. As for his request that he be privy to materials provided to the Government by Mr. Jacobs and Ms. Amoriello as of a result of the Government's inquiry authorized by this Opinion, the Court concurs in that request. ECF No. 36 at 2. The Government will be ordered to produce to the Petitioner any documents or other materials received from his prior counsel within five (5) days of receipt. See Ragbir, 2018 WL 1871460 at *6. As noted above, Petitioner may make independent inquiry of former counsel for any documents or other materials in their possession that may be relevant to his claims of ineffective counsel, and, in addition, may, as it is his privilege to waive, direct the disclosure of additional materials to the Government.

An appropriate order will be entered.

Dated: July 13, 2022           s/ Noel L. Hillman
At Camden, New Jersey          NOEL L. HILLMAN, U.S.D.J.