```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| JOSEPH BRODIE, | No. 20-cv-12713 (NLH) |
| Petitioner, | |
| v. | OPINION |
| THE UNITED STATES OF AMERICA, | |
| Respondent. | |

APPEARANCE:

Joseph Brodie
121 Washington Street
West Pittston, PA 18643

   *Petitioner Pro se*


Philip R. Sellinger, United States Attorney
Sara Aliya Aliabadi, Assistant United States Attorney
U.S. Attorney's Office for the District of New Jersey
401 Market Street
P.O. Box 2098
Camden, NJ 08101

   *Attorneys for Respondent*

HILLMAN, District Judge

   The Court denied Petitioner Joseph Brodie's ("Petitioner") amended motion to vacate, set aside, or correct his federal sentence under 28 U.S.C. § 2255 on July 6, 2023.  ECF No. 72. It also denied a certificate of appealability.  Id.  Petitioner now moves for reconsideration of that Order, ECF No. 73, and for

1

a certificate of appealability, ECF No. 74.  The United States opposes both motions.  ECF No. 80.

The Court will deny the motions for the reasons below.

I.  BACKGROUND

Petitioner was convicted of two counts of threatening to assault and murder a United States congressman, 18 U.S.C. §§ 115(a)(1)(B) and (b)(4) (2018).  United States v. Brodie, No. 18-cr-0162 (D.N.J.) ("Crim. Case").  On December 23, 2019, the Court sentenced Petitioner to a total term of 87 months imprisonment followed by a three-year supervised release period.  Crim. Case No. 178.  Petitioner appealed, and the Third Circuit affirmed the convictions and sentence.  United States v. Brodie, 824 F. App'x 117 (3d Cir. 2020).

Petitioner filed his original § 2255 motion on September 14, 2020, ECF No. 1, and an amended pro se motion on November 2, 2021, ECF No. 20.  On July 7, 2023, the Court dismissed portions of the amended motion as procedurally barred and denied the rest of Petitioner's arguments.  ECF No. 72.  The Court also declined to issue a certificate of appealability.  Id.

Petitioner subsequently filed a motion for reconsideration, ECF No. 73; a motion for a certificate of appealability, ECF No. 74; and a notice of appeal, ECF No. 75.  See also Brodie v.

United States, Appeal No. 23-2250 (3d Cir.).[1]  Respondents oppose both motions pending before the Court.  ECF No. 80.

II.  STANDARD OF REVIEW

"Motions for reconsideration exist to 'correct manifest errors of law or fact or to present newly discovered evidence.'" Mid-Am. Salt, LLC v. Morris Cty. Coop. Pricing Council, 964 F.3d 218, 230 (3d Cir. 2020) (quoting Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985)).  A court may grant a motion for reconsideration if the moving party shows one of the following: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice.  Johnson v. Diamond State Port Corp., 50 F. App'x 554, 560 (3d Cir. 2002) (quoting Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999)).

An appeal may not be taken to the court of appeals from a final order in a § 2255 proceeding unless a judge issues a certificate of appealability on the ground that "the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).

---

[1] The Third Circuit stayed the appeal pending resolution of Petitioner's motions.  ECF No. 79.

III. DISCUSSION

A.   Motion for Reconsideration

   1. Inspira Medical Records

   In his amended § 2255 motion, Petitioner made numerous allegations that the United States improperly withheld exculpatory materials from him, including copies of his complete medical records from his September 21, 2017 evaluation at Inspira Bridgeton, in violation of Brady v. Maryland, 373 U.S. 83 (1963) and Giglio v. United States, 405 U.S. 150 (1972).  The Court dismissed this claim as procedurally barred because Petitioner could have raised this argument in his direct appeal but did not do so.  ECF No. 71 at 12-15.

   Petitioner now argues that the Court should have held an evidentiary hearing to "determine the cause /origin of these medical records' alteration and allow the Petitioner to assert and demonstrate its existence as material evidence to constitutional protections."  ECF No. 73 at 2.  He further asserts that "he did not acquire a copy of the complete medical records directly from Inspira Medical Center Bridgeton New Jersey until AFTER his sentencing, exhausting of direct appeal, and received them for review during COVID operations; therefore, he could NOT POSSIBLY have submitted them prior to trial, sentencing or in his direct appeal."  Id. at 3.

Petitioner has not set forth any reason for this Court to reconsider its decision. The United States argued that Petitioner procedurally defaulted on his claims related to the Inspira records because he did not raise it during trial or on direct appeal. See ECF No. 47 at 24-25, 28-29. See also United States v. De Castro, 49 F.4th 836, 847 (3d Cir. 2022) ("As a 'general rule,' we do not allow claims not raised at trial or on direct appeal to be raised on collateral review."). Petitioner did not argue in his reply papers that he was unable to acquire the Inspira records until after his direct appeal concluded. See generally ECF No. 48. "Reconsideration motions ... may not be used to re-litigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of the judgment." NL Industries, Inc. v. Commercial Union Ins. Co., 935 F. Supp. 513, 516 (D.N.J. 1996). In other words, "[a] motion for reconsideration should not provide the parties with an opportunity for a second bite at the apple." Tischio v. Bontex, Inc., 16 F. Supp. 2d 511, 532 (D.N.J. 1998) (citation omitted).

"In the habeas context, we allow a party to overcome their 'procedural default' if it can show either cause and prejudice or actual innocence . . . ." De Castro, 49 F.4th at 847. Petitioner did not argue that there was cause for any default; instead, he doubled down on his accusations of prosecutorial

5

misconduct and ad hominem attacks. The Court had no opportunity to consider whether cause and prejudice existed to excuse the default, and a motion for reconsideration is not the place to raise new arguments.

Additionally, the Court's decision would not change even if Petitioner could establish "cause" for failing to raise the medical records claim on direct appeal because he cannot establish the "prejudice" element. "The analysis of prejudice for the procedural default of a Brady claim is identical to the analysis of materiality under Brady itself." Slutzker v. Johnson, 393 F.3d 373, 385 (3d Cir. 2004). See also Lucas v. United States, No. 18-17240, 2022 WL 1501027, at *4 (D.N.J. May 12, 2022) ("If the Brady claims lack merit, then Petitioner cannot establish prejudice."). "The 'touchstone of materiality is a "reasonable probability" of a different result.'" Dennis v. Sec'y, Pennsylvania Dep't of Corr., 834 F.3d 263, 285 (3d Cir. 2016) (quoting Kyles v. Whitley, 514 U.S. 419, 434 (1995)). "We consider materiality based on the collective value of the withheld evidence." Lesko v. Sec'y Pennsylvania Dep't of Corr., 34 F.4th 211, 229 (3d Cir. 2022).

The Court discussed the records as part of Petitioner's ineffective assistance of counsel claim and concluded that the records did "not support Petitioner's claim that he was subjected to a custodial interrogation or that [Petitioner's

6

fiancée Dana] Mednick recanted her statement to NJSP. In fact, the records contain material that likely would have damaged Petitioner's case." ECF No. 71 at 23.

> For example, the "nurse notes" that Petitioner asserts are exculpatory because they note that he denied making threats also include the observation that "Ms. Mednick was inconsistent when reporting details of patient's alleged threats to the Congressman," ECF No. 53-1 at 7, and "Ms. Mednick says patient is a 'compulsive liar', as well." ECF No. 54 at 8. The notes further reflect that Mednick "seemed to be focused on keeping patient out of jail" and that the physician "feels there is a degree of manipulation to get patient from being jailed." ECF No. 54 at 8-9. These observations are consistent with the Court's findings at the suppression hearing.

Id. at 23-24. The "collective value" of the "complete" Inspira records do not show a reasonable probability of a different result. Petitioner has failed to show that the records were material under Brady and that he was prejudiced by their absence. Therefore, he has not satisfied the prejudice prong of the procedural default analysis.

   2.   Evidentiary Hearing

Petitioner also asks the Court to conduct an evidentiary hearing to permit him to submit evidence of prosecutorial misconduct and "to re-cross examine these witnesses and reassert his version of Miranda reading and invocation of Fifth Amendments rights in New Jersey Superior Court prior to the FBI interview and at a time when he understood the FBI to already be involved . . . ." ECF No. 73 at 2. He also states that he

7

never received the results of a cellular extraction from July 16, 2018.  Id. at 4.[2]  He asks the Court to reconsider the dismissal of his § 2255 motion and to hold an evidentiary hearing on the various issues.

A district court must hold an evidentiary hearing on a § 2255 motion unless the "motion and the files and records of the case conclusively show" that the movant is not entitled to relief.  28 U.S.C. § 2255(b); see also United States v. Arrington, 13 F.4th 331, 334 (3d Cir. 2021).  The Court considered all Petitioner's arguments and decided that the record, including the papers submitted in support of and in opposition to the motion and the relevant materials contained in Petitioner's criminal matter, conclusively demonstrated that he was not entitled to relief.  ECF No. 71 at 8.  Petitioner's disagreement with that conclusion is not a valid basis for

---

[2] Prior to trial, Petitioner withdrew his motion challenging the validity of the federal search warrants on his cellular devices after the parties agreed to have the FBI produce the phones to Cornerstone Discovery, a third-party vendor selected by Petitioner, "to download the contents of the devices and give copies those downloads to the defense."  Crim. Case No. 52 (July 16, 2018 Order documenting procedure).  See also Crim. Case No. 161-2 (Letter from counsel with procedure).  Any results of the extractions were provided directly to defense counsel.  See Crim. Case No. 64 at 1-2 (August 20, 2018 Letter from counsel).  To the extent that Petitioner argues that trial counsel did not provide those reports to him, the Court informed the parties that they could "apply to the Court for formal discovery" as part of the § 2255 proceedings.  ECF No. 38 at 7.  Petitioner declined to do so.

8

reconsideration.  Therefore, the Court will deny Petitioner's motion for reconsideration.

B. Motion for a Certificate of Appealability

Petitioner also seeks a certificate of appealability from this Court.  ECF No. 74.  The Court declined to issue one in its prior Opinion and Order because "jurists of reason would not find it debatable that portions of the amended motion are procedurally defaulted and that Petitioner has not made a substantial showing of the denial of a constitutional right." ECF No. 71 at 31 (citing 28 U.S.C. § 2253(c)(2)).  The Court sees no reason to issue one now.  The motion will be denied.

IV. CONCLUSION

For the reasons stated above, the Court will deny Petitioner's motions for reconsideration and for a certificate of appealability.

An appropriate order follows.

Dated: September 15, 2023           s/ Noel L. Hillman
At Camden, New Jersey               NOEL L. HILLMAN, U.S.D.J.